IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
May 14 2018
U.S. DISTRICT COURT
Northern District of WV

**DC LLC,**

    **Plaintiff,**

v.   CIVIL ACTION NO.: 1:18-CV-115 (Keeley)

**FIRST MERCURY INSURANCE COMPANY**

    **Defendant.**

### NOTICE OF REMOVAL

Defendant First Mercury Insurance Company ("FMIC"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as amended, hereby files this Notice of Removal of this action to the United States District Court for the Northern District of West Virginia, and as its basis, states as follows:

    **I.**    **INTRODUCTION**

1. On November 10, 2017, the Plaintiff in this matter, DC LLC ("DC"), first filed this civil action against FMIC by erroneously filing it as a third party complaint in a case known as <u>Sears v. Hambrick, et al</u>. Civil Action Number 16-C-612, in the Circuit Court of Monongalia County, West Virginia. **See Exhibit 1, DC Complaint**. The Circuit Court of Monongalia County, West Virginia is a state court within the Northern District of West Virginia. Because the case was filed in Monongalia County, this Court is the appropriate venue for removal.

2. On or about March 1 2018, FMIC filed with the Circuit Court of Monongalia County a motion to sever claims, seeking to sever DC's claims against FMIC from the claims by the original plaintiff (Brent T. Sears) against the original defendants in the <u>Sears v. Hambrick</u> matter. The basis for FMIC's motion to sever was that, under Rule 20 of the West Virginia Rules of Civil Procedure, DC's lawsuit against FMIC was not properly joined to the original plaintiff's

Exhibit A

claims against the original defendants in Sears v. Hambrick.  **See Exhibit 2, Motion to Sever and Supporting Memorandum of Law (without exhibits).**[1]

3. On May 1, 2018, the Circuit Court of Monongalia County, West Virginia entered an Agreed Order severing DC's claims against FMIC from the original plaintiff's claims against the original defendants in Sears v. Hambrick (the "Order").  The Order referenced the reasons stated in FMIC's Motion to Sever as the basis for the entry of the agreed order.  **See Exhibit 3, Order Granting Motion to Sever**.

4. The state court's severance of DC's claims against FMIC from the original plaintiff's claims in Sears v. Hambrick caused DC's action against FMIC to become removable under 28 U.S.C. § 1446(b)(3).  The instant Notice of Removal is filed within 30 days of the May 1, 2018 Order granting FMIC's Motion to Sever and less than 1 year after the commencement of DC's action against FMIC on November 10, 2017; therefore, it is timely filed under 28 U.S.C. § 1446(b).

5. Certified copies of the Circuit Court of Monongalia County's Docket Sheet, as well as the  relevant portions of the Sears v. Hambrick Circuit Court file, including process, pleadings, orders, and pending motions that pertain specifically to DC's claim against FMIC, are attached as **Exhibit 4**.

## II.     BASIS FOR REMOVAL

6. This Court has original diversity jurisdiction in this action because the matter in controversy exceeds $75,000.00 in value, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. §1332(a); *see also* 28 U.S.C. § 1441.

---

[1] The exhibits to the Motion to Sever are included as part of Exhibit 4 to this Notice of Removal.

A. **Complete diversity exists between the parties to this action.**

7. The Plaintiff, DC, LLC, is a West Virginia limited liability company with its principal place of business in Morgantown, West Virginia. **See Exhibit 1, DC Complaint**.

8. Defendant FMIC is a Delaware corporation with its principal place of business in Southfield, Michigan. **See Exhibit 1, DC Complaint**.[2]

9. Because DC is a West Virginia limited liability company and FMIC is a citizen of another state, complete diversity exists among the parties.

B. **The amount in controversy exceeds $75,000.00.**

10. Where, as here, the plaintiff seeks monetary relief but does not demand a specific sum, the defendant may remove by specifying the amount in controversy in the notice of removal and establishing the amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Oper. Co. v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 553-54 (2014).

11. DC has sued FMIC for: breach of an insurance contract between DC and FMIC; common law bad faith; and statutory bad faith. In essence, DC seeks a declaration that liability insurance coverage under an insurance policy issued by FMIC exists for DC regarding the claims alleged against DC in the Sears v. Hambrick lawsuit referenced above. DC further seeks bad faith damages from FMIC for allegedly breaching that insurance contract.

---

[2] DC alleged in its Complaint that FMIC is a Michigan corporation. However, it is actually a Delaware corporation with its principal place of business in Michigan. Either way, diversity of citizenship exists in this matter.

12. The amount in controversy in this matter, excluding interests and costs, clearly exceeds $75,000.00 and therefore is sufficient to satisfy the diversity jurisdiction requirements of 28 U.S.C. § 1332. The limit of FMIC's liability under the insurance policy in question is $1,000,000.00 per occurrence. DC faces potential liability to Brent Sears for allegedly contributing to the wrongful death of Mr. Sears' daughter, Carli Elizabeth Sears, in a tragic accident that took place on January 17, 2016. Mr. Sears alleges that DC (which operates a bar in Morgantown, West Virginia) served alcohol to a person named Alexander Salvatore Hambrick ("Hambrick") on that day, which contributed to Hambrick's intoxication, and which led to the motor vehicle accident in which Carli Elizabeth Sears was killed. The $1,000,000.00 liability insurance coverage dispute, combined with the bad faith damages sought by DC, clearly demonstrate that the amount in controversy in this matter, excluding interest and costs, exceeds $75,000.00.

### III.    CONCLUSION

13. Complete diversity of citizenship exists between DC and FMIC. The amount in controversy in this matter exceeds the jurisdictional threshold of $75,000.00. Diversity jurisdiction therefore exists.

14. For the foregoing reasons, Defendant FMIC hereby removes this action to the United States District Court for the Northern District of West Virginia.

Respectfully submitted,

**FIRST MERCURY INSURANCE COMPANY**

*/s/ Don C.A. Parker*
Don C. A. Parker, Esq. (WV State Bar #7766)
Spilman Thomas & Battle, PLLC

4

P.O. Box 273
Charleston, WV 25321-0273
(304) 340-3896
(304) 340-3801 – facsimile
dparker@spilmanlaw.com

and

KENNEDYS CMK LLP
Kristin V. Gallagher, Esq. (WV PHV-28958)
Joshua S. Wirtshafter, Esq. (WV PHV-34789)
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
(908) 848-6300
(908) 848-3610 – fax
Kristin.Gallagher@kennedyscmk.com
Joshua.Wirtshafter@kennedyscmk.com
*Counsel for First Mercury Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DC LLC,**

    **Plaintiff,**

**v.**    CIVIL ACTION NO.: 1:18-CV-115 (Keeley)

**FIRST MERCURY INSURANCE COMPANY**

    **Defendant.**

### CERTIFICATE OF SERVICE

I, Don C.A. Parker, counsel for First Mercury Insurance Company, do hereby certify that the foregoing **Notice of Removal** was served upon parties of interest on May 14, 2018, by United States Mail, postage prepaid, addressed as follows:

Thomas H. Peyton, Esquire, WVSB #8841
PEYTON LAW FIRM, PLLC
2801 Fist Avenue, Post Office Box 216
Nitro, WV 25143
*Counsel for Plaintiff*

Tiffany R. Durst, Esquire, WVSB #7441
PULLIN, FOWLER, FLANAGAN
BROWN & POE, PLLC
2414 Cranberry Square
Morgantown, WV 26508
*Counsel for Alexander S. Hambrick*

Matthew C. Schrebe, Esquire, WVSB #11972
CIPRAIANI & WERNER, P.C.
1144 Marker Street, Suite 300
Wheeling, WV 26003
*Counsel for Thomas H. Vanlandingham*

Jeff Harris, Esquire, WVSB #1610
ATTORNEY AT LAW
P.O. Box 4522
Morgantown, WV 26504
*Counsel for Michael S. Shuman and DC LLC*

Ronald H. Hatfield, Jr., Esquire, WVSB #8552
LITCHFIELD CAVO LLP
99 Cracker Barrel Drive, Suite 100
Barboursville, WV 25504
*Counsel for Michael S. Shuman and DC LLC*

William C. Brewer, Esquire, WVSB #448
J. Tyler Slavey, Esquire, WVSB #10786
Brewer & Giggenbach, PLLC
P.O. Box 4206
Morgantown, WV  26504
*Counsel for Michael S. Shuman and DC LLC*

    */s/ Don C.A. Parker*
    Don C.A. Parker (WV State Bar #7766)