IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

BRENT SPEARS, Personal Representative
of the Estate of Carli Elizabeth Sears, Deceased,

        Plaintiffs,

v.                                          CIVIL ACTION NO. 16-C-612

ALEXANDER SALVATORE HAMBRICK; DC LLC,
doing business as Jameson's Annex; MICHAEL S.
SHUMAN; and THOMAS H. VANLANDINGHAM,

        Defendants.

AND

DC LLC,

        Defendant/Third- Party Plaintiff,

v.
FIRST MERCURY INSURANCE COMPANY,
a foreign company,

        Third-Party Defendant.

## DEFENDANT DC LLC'S THIRD-PARTY COMPLAINT
## AGAINST FIRST MERCURY INSURANCE COMPANY

Comes now Defendant/Third-Party Plaintiff DC LLC and for its Third-Party Complaint states as follows:



1. Defendant/Third-Party Plaintiff DC LLC is a West Virginia limited liability company with its principal place of business located at 260 High Street in Morgantown, West Virginia.

2. Third-Party Defendant First Mercury Insurance Company is a Michigan company with its principal place of business located at 26600 Telegraph Road, Southfield, Michigan 48033.

3. In 2015 Defendant/Third-Party Plaintiff DC LLC entered into a contract with Third-Party Defendant First Mercury Insurance Company [hereinafter referred to as FMIC] for a Commercial General Liability Policy to cover the period of August 19, 2015, to August 19, 2016. (The relevant parts of said policy have been attached to this complaint and marked as Exhibit A.)

4. On or about December 12, 2016, the underlying civil action was filed and on December 27, 2016, FMIC received notice of the civil action from All Risks LTD on behalf of Defendant/Third-Party Plaintiff DC LLC.

5. On or about January 12, 2017, Third-Party Defendant FMIC responded to All Risks' notice of the civil action with a "Partial Coverage Disclaimer/Reservation of Rights" letter. Thereafter, Third-Party Defendant FMIC appointed counsel to defend Defendant/Third-Party Plaintiff DC LLC in the instant civil action.

2

6. On or about September 14, 2017, Defendant Michael Shuman was notified by letter that Third-Party Defendant FMIC was disclaiming any obligation to defend or indemnify Defendant/Third-Party Plaintiff DC LLC in connection with the underlying civil action, effective September 29, 2017. (A copy of this letter has been attached to this complaint and marked as Exhibit B.)

7. In its letter to Defendant Shuman Third-Party Defendant FMIC stated that it was disclaiming any obligation to defend or indemnify Defendant/Third-Party Plaintiff DC LLC based on DC LLC's alleged breach of the "Breach of Representations and Warranties Endorsement" in the subject policy.

8. Third-Party Defendant FMIC based its allegation that Defendant/Third-Party Plaintiff had breached the "Breach of Representations and Warranties Endorsement" on its claim that there were "at least eleven (11) instances between August 30, 2015 and September 26, 2016, where DC and/or the Bar either received an administrative citation or notice of violation letter relating to its unlawful sale of alcoholic beverages to underage patrons and after formal business hours." It then listed eleven (11) instances of various citations and/or notices of violations, ranging from October 31, 2015, to September 29, 2016.

9. A review of those eleven (11) instances will reveal, however, that the first two involved minor incidents: the first, which occurred on October 31, 2015

3

(Halloween), involved an administrative citation for being "on premises after hours"; and the second, which occurred on November 23, 2015, involved a notice and fine for "exceeding its hours of operation." The third alleged instance which involved an administrative citation is the incident which is the subject of the underlying civil action. (And clearly FMIC received notice of this citation.) Thus, the remaining eight (8) alleged citations and/or notices of violations concerned matters which occurred after the incident which is the subject of this instant civil action.

## COUNT I

## BREACH OF CONTRACT

10. FMIC's denial of coverage constitutes a breach of contract with DC LLC.

## COUNT II

## COMMON LAW BAD FAITH CLAIM

11. FMIC breached the implied covenant of good faith and fair dealing by failing to use good faith in settling a claim by someone the insured allegedly harmed or injured.

4

## COUNT III

## STATUTORY BAD FAITH CLAIM

12. FMIC committed violations of the West Virginia Unfair Trade Practices Act, specifically W.Va. Code, § 33-11-4(9)(a)(d)(f) and (g).

## DAMAGES

Defendant/Third-Party Plaintiff DC LLC is seeking the following damages against Third-Party Defendant FMIC:

1. A declaration of rights that Third-Party Defendant FMIC breached its contract of insurance with Defendant/Third-Party Plaintiff DC LLC;

2. A declaration of rights that Third-Party Defendant FMIC should provide Defendant/Third-Party Plaintiff DC LLC with a defense in the underlying action and should indemnify Defendant/Third-Party Plaintiff DC LLC should it be determined that Defendant/Third-Party Plaintiff DC LLC is liable;

3. A determination that Third-Party Defendant FMIC is in violation of the common law implied covenant of good faith and fair dealing;

4. A determination that Third-Party Defendant FMIC is in violation of the West Virginia Unfair Trade Practices Act;

5. That Defendant/Third-Party Plaintiff DC LLC be awarded its reasonable

costs, including attorney fees, in bringing this Third-Part Action, including its costs incurred in defending the underlying action;

6. That Defendant/Third-Party Plaintiff DC LLC be awarded damages for aggravation, annoyance and inconvenience incurred as a result of Third-Party Defendant FMIC actions;

7. That Defendant/Third Party Plaintiff DC LLC be awarded punitive damages against Third-Party Defendant FMIC in such an amount so as to punish it for its conduct and deter others from engaging in similar conduct in the future; and

8. That Defendant/Third-Party Plaintiff DC LLC be awarded such further damages as this Court may deem just and proper.

Defendant/Third-Party Plaintiff DC LLC

By Counsel

*Jeff Harris*

Jeff Harris
Attorney at Law
Bar No. 1610
P.O. Box 4522
Morgantown, W. Va. 25404
(304) 599-0888